## ROSENTHAL v. CELANESE CORPORATION OF AMERICA.

No. 193.

Circuit Court of Appeals, Second Circuit.

May 4, 1943.

Bondy & Schloss, of New York City (Eugene L. Bondy, of New York City, of counsel), for plaintiff-appellant.

Drury W. Cooper and John N. Cooper, both of New York City, for defendant-appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The plaintiff sued in the New York Supreme Court to recover his damages for the breach of a contract under which he submitted information to the defendant in confidence. The cause was on motion removed to the Southern District of New York because of diversity and there tried to the court without a jury. The complaint was dismissed on the merits. The plaintiff has appealed.

The plaintiff alleged that the defendant had early in 1926, promised, in consideration of the disclosure by the plaintiff to it of the ideas, methods and processes that he had conceived for the production and commercial use of "an artificial silk yarn, irregular in size, being an imitation of and simulating that irregular natural silk thread produced from the cocoon of the wild silk worm which irregular natural silk had theretofore been used and had met with public favor in the weaving of fabrics known as shantung, pongee, and other similar fabrics", to receive the disclosure in confidence; and not to use the ideas, methods or processes so disclosed "or any modification, alteration or improvement thereof, commercially, or in any other way, except privately and secretly to experiment therewith, unless and until the plaintiff consented in writing that the defendant might use the same commercially * * *" It was further alleged that the plaintiff made the disclosure in confidence and that the defendant broke the agreement.

At the hearing, it appeared that a Mr. Boreham, the representative of the defendant who made whatever arrangement was made with the plaintiff, was dead. What that arrangement was had to be shown as best it could with the aid of letters and the plaintiff's recollection of the conversations he had with Mr. Boreham. The court found on ample supporting evidence that before the plaintiff saw Mr. Boreham he had filed on August 27, 1925, an application for a United States Patent covering the same subject matter; that the Patent Office required a division between certain claims and a divisional application was filed March 1, 1926; that a patent on the divisional application was granted on February 15, 1927, as No. 1,617,-544 and one on the original application was granted on March 8, 1927, numbered 1,620,233; that neither application at first had anything in the specifications about a method of manufacturing uneven artificial thread by irregular pump action but that that was added by amendment of February 1, 1927; that the plaintiff before bringing this suit had sued the defendant on certain claims in each patent in the District of Delaware; that the first such suit was dismissed without prejudice; and that after the trial of the second on the merits both patents were held invalid as well as not infringed. Rosenthal v. Celanese Corporation of America, D.C., 32 F.Supp. 543. No appeal was taken from that decree.

We think the court was also justified in finding that the "defendant did not adopt, appropriate, acquire any advantage from, or use any new or useful idea or invention of, plaintiff." And if this is so there was a failure of proof which clearly required the entry of a judgment for the defendant.

The plaintiff testified that when he told Boreham about the uneven artificial silk yarn the latter replied that, "It is a funny thing that you are trying to get us interested in this. We have done that accidentally from time to time." The plaintiff then testified that he remarked "you cannot run a mill on accidents" and told Boreham that the uneven silk thread was made very simply. "They just simply put a speed change device on the pumps, and you can do it by putting a speed change device on the take-up." This was not taken at face value by the court. In view of the fact that such a method was not disclosed in the specifications already filed by the plaintiff in the Patent Office and was not put into them by amendment until many months later, it was not at all surprising that the experienced judge who tried this case was unwilling to accept the bare assertion of so interested a party that he had made such a disclosure to one now unable to refute it. It is so much more probable that he did not

then impart to Boreham more than he had disclosed in applying for his patents that we should, and do, accept the findings as conclusive to the effect that the plaintiff did not in fact prove the cause of action he alleged.

The judgment must, therefore, be affirmed because no breach of contract was proved. For some limitations inherent in contracts to hold in confidence what is also contained in the specifications on which a patent is granted see Picard v. United Aircraft Corporation, 2 Cir., 128 F.2d 632.

Affirmed.